**KAYE, ROSE & PARTNERS, LLP**
Bradley M. Rose, Esq. (126281)
brose@kayerose.com
Frank C. Brucculeri (137199)
723 Palisades Beach Road, Suite 108
Santa Monica, California 90402
Telephone: (310) 551-6555
Facsimile: (310) 277-1220

Attorneys for Plaintiff
Thorco Projects A/S

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| THORCO PROJECTS A/S,<br><br>Plaintiff,<br><br>v.<br><br>NUTRION FEEDS NORTH AMERICA, INC.,<br><br>Defendant. | Case No.:<br><br>IN ADMIRALTY<br><br>VERIFIED COMPLAINT |

COMES NOW, Plaintiff, Thorco Projects A/S (hereinafter "Thorco" or "Plaintiff"), by and through undersigned counsel, hereby files this Verified Complaint against Defendant Nutrion Feeds North America, Inc. (hereinafter "Nutrion" or "Defendant"), and alleges as follows:

## **JURISDICTION AND VENUE**

1. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and is brought under the provision of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. This case is also an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure for a claim of breach of a maritime contract.

Kaye, Rose & Partners LLP

2. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because the property belonging to the Defendant is or will be located in the Eastern District of California during the pendency of this action.

## THE PARTIES

3. At all times material hereto, Plaintiff Thorco, was and still is a foreign company with a registered address in Denmark.

4. Upon information and belief, at all times material hereto, Defendant Nutrion was and still is a company with a registered address in Texas.

## THE FACTS

5. At all times material hereto, Thorco was the disponent owner of the M/V ANSHUN (IMO 9851347).

6. On or about March 1, 2022, Thorco and Nutrion entered into a charter party agreement wherein Thorco agreed to charter the M/V ANSHUN (hereinafter "the Vessel") to Nutrion for the carriage of cargo consisting of calcium salt and palmitic acid. *A copy of the fixture recap is attached hereto as Exhibit 1*.

7. The charter party agreement is a maritime contract.

8. Nutrion had the responsibility to load safe cargo in an orderly manner under the charter party.

9. The following cargo was loaded at Jakarta, Indonesia on or about April 1-3, 2022:

| THZS22131JKTST1 | 2,045 Bags Calcium Salts of Palm Fatty Acid | 2,045 mt net |
|---|---|---|
| | 265 Bags Palmitic Acid | 265 mt net |
| | 191 Bags NLT16 | 124.15 mt net |
| | 72 Bags Hidrofat | 46.8 mt net |
| THZS22131JKTST2 | 120 Bags Calcium Salts of Palm Fatty Acid | 120 mt net |
| THZS22131JKTST3 | 1,000 Bags of Palmitic Acid | 1,000 mt net |
| THZS22131JKTST4 | 538 Bags of Palmitic Acid | 349.7 mt net |

10. Upon arrival at the discharge port in Stockton, California, in June 2022, it was discovered that a substantive portion of the cargo had spontaneously deteriorated and/or liquified and had created a dangerous and/or hazardous condition onboard.

11. The cargo was observed by surveyor to be damaged, discolored, and solidified both to itself and to the holds of the Vessel. *A copy of the Surveyor's Report is attached hereto as Exhibit 2.*

12. Nutrion's failure to load non-dangerous cargo which could be transported in a safe and orderly manner was a breach of the charter party agreement.

13. Due to the condition of the cargo, regular attempts to discharge the cargo by crane proved impossible and risking severe damage to the Vessel cargo holds and injury to the stevedores and crew.

14. As normal discharge operations were unavailable, salvage companies specializing in marine and industrial cleaning were required to be engaged to assess an alternative (and more expensive) means for discharge of the cargo.

15. As a result, the Vessel has been significantly delayed for more than thirty (30) days, causing Plaintiff severe and accumulating damages, including but not limited to the obligation to pay hire alternatively to pay damages at the hire rate to the Vessel's Owners, bunkers, increased port and agency fees, as well as various additional charges for pilots, tugs, and other services within the Port.

**VERIFIED COMPLAINT**

16. The sound cargo which was discharged is currently located at Trans-Hold, Inc. at 313 Luce Ave in Stockton, California and within the Eastern District of California. Present estimates are that the cargo will be distributed to customers imminently.

17. It is currently estimated that the Vessel's delay will cause Thorco to suffer no less than USD 4,125,842.71 in damages. *A copy of estimated damages is attached hereto as Exhibit 3.*

## APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

18. Thorco restates and re-alleges paragraphs 1 – 17 in the above foregoing Verified Complaint.

19. Plaintiff's claim against Defendant for breach of charter party is a maritime claim. This is an ancillary proceeding to secure jurisdiction and security over Defendant.

20. Interest, costs, and attorney's fees are routinely awarded to the prevailing party under English Law and the procedural rules of London arbitration. It is standard for interest to be awarded to the prevailing party in the amount of 4.5% to 5.5%, compounded quarterly.

21. Thorco expects to recover the following amounts in arbitration from Defendant:

|   |   |
|---|---|
| A. Breach of Charter Party: | $4,125,000.00 |
| B. Estimated Interest for Principal Claim: | $485,000.00 |
| C. Estimated Arbitration Costs: | $250,000.00 |
| D. Estimated Solicitor and Counsel Fees: | $250,000.00 |
| TOTAL: | $5,110,000.00 |

22. Thorco's total claim for breach of the charter party, plus applicable interest, costs, and fees in the aggregate estimated to be no less than **$5,110,000.00**.

23. Defendant is not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims. *See Attorney Declaration of Frank C. Brucculeri attached hereto as Exhibit 4*.

24. The Defendant does have within the District tangible or intangible personal property, which is subject to attachment, and in the hands of parties who may be named garnishees in the process of maritime attachment and garnishment.

25. Specifically, Nutrion has property in the form of the sound cargo which was discharged from the M/V ANSHUN, which is and will be located within this District, at Trans Hold Inc., 313 Luce Avenue, Stockton, California 95203. The estimated market value of the cargo is approximately $3,000,0000 to

$4,000,000. *Copies of the Bills of Lading demonstrating Nutrion's ownership interest in the cargo are attached hereto as Exhibit 5.*

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendant and said Defendant be cited to appear and answer the allegations of this Verified Complaint;

B. That if Defendant cannot be found within this district, then all of their respective tangible or intangible property within this District, including physical property, or any property in which Defendant has an interest, including but not limited to cargo on board the M/V ANSHUN, whether onboard the Vessel still or discharged, and/or property of any kind belonging to, claimed by, or held for the benefit of, the Defendant in the hands or control of persons named as garnishees in the Process of Maritime Attachment and Garnishment, be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

C. That if Defendant fails to appear and answer this matter once property has been attached and notice and service of same provided consistent with the Federal Rules of Civil Procedure and the Supplemental Admiralty Rules, that judgment be entered against the Defendant in the sum of $5,110,000.00 and the proceeds of the assets attached be applied in satisfaction thereof;

6
**VERIFIED COMPLAINT**

D. That the Court grant Plaintiff such other and further relief as it deems just, equitable, and proper.

Dated: July 27, 2022

Respectfully submitted,

**KAYE, ROSE & PARTNERS, LLP**

By: /s/ *Frank C. Brucculeri*
    Bradley M. Rose
    Frank C. Brucculeri
    Attorneys for Plaintiff
    Thorco Projects A/S

Kaye, Rose & Partners LLP

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| THORCO PROJECTS A/S,<br><br>Plaintiff,<br><br>v.<br><br>NUTRION FEEDS NORTH AMERICA, INC.,<br><br>Defendant. | Case No.:<br><br>IN ADMIRALTY<br><br>VERIFICATION |
|---|---|

Pursuant to 28 U.S.C. § 1746, I, Thomas N. Mikkelsen, declare under the penalty of perjury:

1. I am a representative of Thorco Projects A/S and authorized to act on the company's behalf.

2. I have read the foregoing Verified Complaint, know the contents thereof, and I believe the facts therein to be true and accurate based on documents maintained in the ordinary course of business and information obtained from employees of Thorco Projects A/S, and/or its agents, underwriters, and attorneys.

1
**VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct.

July 27, 2022
Denmark

_____
Thomas N. Mikkelsen Authorized
Representative of Plaintiff
Thorco Projects A/S