**KAYE, ROSE & PARTNERS, LLP**
Bradley M. Rose, Esq. (126281)
brose@kayerose.com
Frank C. Brucculeri, Esq. (137199)
fbrucculeri@kayerose.com
723 Palisades Beach Road, Suite 108
Santa Monica, California 90402
Telephone: (310) 551-6555
Facsimile: (310) 277-1220

Attorneys for Plaintiff
**Thorco Projects A/S**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| THORCO PROJECTS A/S,<br><br>        Plaintiff,<br><br>v.<br><br>NUTRION FEEDS NORTH AMERICA, INC.,<br><br>        Defendant. | **Case No.: 2:22−CV−01331−TLN−JDP**<br><br>**IN ADMIRALTY**<br><br>***EX PARTE* MOTION FOR AN ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT** |

COMES NOW Plaintiff Thorco Projects A/S (hereinafter "Thorco" or "Plaintiff"), by and through undersigned counsel, and respectfully requests this Honorable Court to issue an Order authorizing issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (hereinafter "Admiralty Rules"), and respectfully pleads as follows:

## POINTS AND AUTHORITIES

1. "Under Rule B of the Supplemental Admiralty Rules, a plaintiff may attach a defendant's property if four (4) conditions are met: (1) Plaintiff has a valid *prima facie* admiralty claim against the defendant; (2) defendant cannot be found within the district; (3) property of the defendant can be found within the district; and (4) there is no statutory or maritime law bar to the attachment." *Equatorial Marine Fuel Mgmt. Servs. PTE v. MISC Berhad*, 591 F.3d 1208, 1210 (9th Cir. 2010) (citing *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006)); Fed. R. Civ. P., Supp. Rule B.

2. On July 27, 2022, Plaintiff filed a Verified Complaint pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims setting forth the Plaintiff's claim for damages in the amount of USD 5,110,000.00 (including interests, costs, and attorney's fees). *See* Verified Complaint, DE 1. The allegations of Plaintiff's Verified Complaint state a *prima facie* admiralty claim under general maritime law, meet the conditions of Rule B, and are incorporated herein by reference. *See* DE 1, ¶¶1-17; *see also Fednav, Ltd. v. Isoramar, S.A.*, 925 F.2d 599, 601 (2d Cir. 1991) ("It is well-established that a charter party agreement is a maritime contract.") (citation omitted); *Interpool, Ltd. v. Char Yigh Marine, S.A.*, 890 F.2d 1453, 1454, fn. 2 (9th Cir. 1989).

3. Defendant Nutrion Feeds North America, Inc. (hereinafter "Defendant") cannot be found within the Eastern District of California for the purposes of Rule B of the Admiralty Rules. In support of its Verified Complaint Plaintiff has filed the Declaration of Attorney Frank C. Brucculeri, averring that the Defendant cannot be found within the District pursuant to Rule B and the efforts undertaken to find and serve the Defendant, as required by Supplemental Rule B(1) and L.R. 510(d). *See* DE 1, Exhibit 2.

4. Specifically, Plaintiff is informed and believes: that the Defendant cannot be found within the Eastern District of California; that to Plaintiff's knowledge, none of the managers or officers of Defendant are now within the Eastern District of California; that the Defendant does not maintain offices or telephone listings in the Eastern District of California; that the Defendant is not incorporated or registered to do business in the State of California; and, that the Defendant does not have a registered agent for the receipt of service of process in the State of California.

5. Plaintiff is informed and believes Defendant does now, or will during the pendency of this action, have tangible and intangible property within the Eastern District of California, and said tangible and intangible property is amendable to attachment and garnishment pursuant to Rule B of the Admiralty Rules. *See* DE 1. More specifically, Defendant has or will have tangible property within the District consisting of sound cargo discharged from the M/V ANSHUN (IMO 9851347) currently located at Trans-Hold, Inc. at 313 Luce Ave in Stockton, California and within the Eastern District of California.

6. Furthermore, there is no statutory or maritime bar to the attachment application.

7. The instant Rule B maritime attachment action was commenced in order to secure the appearance of the Defendant and to obtain security in aid of

Plaintiff's forthcoming arbitration action in London.  *Id*.; *see also Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 437-438 (2d Cir. 2006).

**WHEREFORE**, as all of the elements of Rule B and the Local Rules for Admiralty and Maritime Clams and Asset Forfeiture Actions have been met, Plaintiff, Thorco Projects A/S, respectfully requests that this Court enter an Order authorizing the Issuance of Process of Maritime Attachment and Garnishment directing any and all garnishees to garnish any tangible or intangible personal property in their possession, custody or control belonging to the Defendant, and to grant Plaintiff such other and further relief as may be just, equitable and proper.

Dated:  July 28, 2022                               Respectfully submitted,

**KAYE, ROSE & PARTNERS, LLP**

By: /s/ *Frank C. Brucculeri*
    Bradley M. Rose
    Frank C. Brucculeri
    Attorneys for Plaintiff
    Thorco Projects A/S