1  BLANK ROME LLP
   Allen Ho (SBN 318187)
2  allen.ho@blankrome.com
   William R. Bennett III (SBN 05329)
3  william.bennett@blankrome.com
   Lauren B. Wilgus (SBN 05123)
4  lauren.wilgus@blankrome.com
   2029 Century Park East | 6th Floor
5  Los Angeles, CA 90067
   Telephone:  424.239.3400
6  Facsimile:  424.239.3434

7  Attorneys for Defendant
   NUTRION FEEDS NORTH AMERICA, INC.
8

9               UNITED STATES DISTRICT COURT

10              EASTERN DISTRICT OF CALIFORNIA

11

12 | THORCO PROJECTS A/S | Case No. 2:22-cv-01331(TLN)(JPD)
13 |                     Plaintiff, | Judge:   Hon. Troy L. Nunley
14 |     vs. | **IN ADMIRALTY**
15 | NUTRION FEEDS NORTH AMERICA, INC. | **DEFENDANT NUTRION FEEDS NORTH AMERICA, INC.'S ANSWER TO VERIFIED COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND DEMAND FOR COUNTERSECURITY PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE E(7)**
16 |                     Defendant. |
17 | |
18 | |
19 | | Complaint Filed:   July 27, 2022
20 | | Trial Date:        None Set

Subject to and without waiving its restricted appearance pursuant to Supplemental Admiralty Rule E(8), Defendant Nutrion Feeds North America, Inc. ("Defendant" or "Nutrion") by and through undersigned counsel, respectfully submits this Answer to the Verified Complaint, DE 1, ("Verified Complaint") and asserts affirmative defenses, a counterclaim, and a demand for countersecurity pursuant to Supplemental Admiralty Rule E(7) against Plaintiff Thorco Projects A/S ("Plaintiff" or "Thorco") as follows.

## JURISDICTION AND VENUE

1. Defendant admits the Court has subject matter pursuant to 28 U.S.C. § 1333 and that this is a maritime and admiralty claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Verified Complaint.

2. Defendant admits it owns property being stored at Trans-Hold, Inc. located at 313 Luce Ave, Stockton, CA 95203, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Verified Complaint.

## THE PARTIES

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Verified Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Verified Complaint.

## THE FACTS

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Verified Complaint.

6. Defendant admits that, on or about March 1, 2022, it entered into a charter agreement (the "Voyage Charter") with Plaintiff for the carriage of cargo consisting of calcium salt and palmitic acid (the "Cargo"), but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Verified Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Verified Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Verified Complaint.

**DEFENDANT NUTRION FEEDS NORTH AMERICA, INC.'S ANSWER TO VERIFIED COMPLAINT**

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Verified Complaint.

10. Defendant admits that, upon the vessel's arrival in Stockton, California, in June 2022, it was reported that some of the Cargo was found to be discolored and hardened, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Verified Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Verified Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Verified Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Verified Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Verified Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Verified Complaint.

16. Defendant admits it owns property being stored at Trans-Hold, Inc. located at 313 Luce Ave, Stockton, CA 95203, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Verified Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Verified Complaint.

**APPLICATION FOR ATTACHMENT UNDER**
**SUPPLEMENTAL ADMIRALTY RULE B**

18. Defendant repeats and restates each and every answer to paragraphs 1 through 17 of the Verified Complaint as if set forth at length herein. Paragraph 18 of the Verified Complaint requires no additional response.

19. Defendant admits a claim for breach of a charter party is a maritime claim but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Verified Complaint.

**DEFENDANT NUTRION FEEDS NORTH AMERICA, INC.'S ANSWER TO VERIFIED COMPLAINT**

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Verified Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Verified Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Verified Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Verified Complaint.

24. Defendant admits it owns property being stored at Trans-Hold, Inc. located at 313 Luce Ave, Stockton, CA 95203, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Verified Complaint.

25. Defendant admits it owns property being stored at Trans-Hold, Inc. located at 313 Luce Ave, Stockton, CA 95203, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Verified Complaint.

## **AFFIRMATIVE DEFENSES**

26. Defendant repeats and realleges each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

## **FIRST AFFIRMATIVE DEFENSE**

27. Plaintiff's Verified Complaint fails to state a claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

28. Plaintiff's Verified Complaint is barred by operation of law.

## **THIRD AFFIRMATIVE DEFENSE**

29. Plaintiff's Verified Complaint is barred by the doctrines of waiver, estoppel, and/or laches.

## **FOURTH AFFIRMATIVE DEFENSE**

30. Plaintiff's Verified Complaint is barred by the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

31. To the extent Plaintiff sustained any damages, which is denied, then the acts or omissions of third parties for whom Defendant is not responsible were the legal, sole, proximate, intervening, superseding and/or new and independent cause of the damages alleged.

**SIXTH AFFIRMATIVE DEFENSE**

32. To the extent Plaintiff sustained any damages, which is denied, then such damages were caused by Plaintiff's own actions or omissions.

**SEVENTH AFFIRMATIVE DEFENSE**

33. Plaintiff is not entitled to recover special, incidental, or consequential damages under controlling applicable law.

**EIGHTH AFFIRMATIVE DEFENSE**

34. Plaintiff failed to properly mitigate its alleged damages.

**NINTH AFFIRMATIVE DEFENSE**

35. Defendant claims the benefit of any and all limitations, defenses, rights and liberties contained in any applicable conventions, statutes, regulation, law, bill of lading, charter party, tariff, or contract.

**TENTH AFFIRMATIVE DEFENSE**

36. The Court lacks subject matter jurisdiction.

**ELEVENTH AFFIRMATIVE DEFENSE**

37. The Court lacks personal jurisdiction over the Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

38. Plaintiff is barred from pursuing his claims in the Eastern District of California – Sacramento Division – because venue is improper.

**THIRTEENTH AFFIRMATIVE DEFENSE**

39. Plaintiff's claim is barred because Plaintiff had agreed to arbitrate any or all of the purported claims asserted in the Verified Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

40. Pursuant to Fed. R. Civ. P. 44.1, defendant reserves the right to plead the applicability of foreign law to some or all of the issues raised in the Verified Complaint, including but not limited to English law.

## FIFTEENTH AFFIRMATIVE DEFENSE

41. Defendant reserves the right to assert such other defenses as may become available through the course of discovery and reserves the right to amend its Answer to assert such defenses.

## GENERAL DENIAL

Any allegation of the Verified Complaint not expressly admitted above is hereby denied.

## COUNTERCLAIM AGAINST PLAINTIFF

COMES NOW, Defendant and Counter-Plaintiff NUTRION FEEDS NORTH AMERICA, INC. ("Nutrion"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 13(a) and Rule E(7)(a) of the Supplemental Rules for Admiralty or Maritime Claims asserts this Counterclaim against Plaintiff/Counter-Defendant, THORCO PROJECTS A/S ("Thorco"), and states:

## JURISDICTION, VENUE, AND PARTIES

1. This is a Counterclaim within the meaning of Rule 13(a) of the Federal Rules of Civil Procedure.

2. This Counterclaim arises under this Court's admiralty and maritime jurisdiction pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, the Supplemental Rules for Certain Admiralty and Maritime Claims including claims arising under federal law and as set forth in 28 U.S.C. § 1333.

3. At all times material hereto, Thorco was and still is a foreign company with a registered address in Denmark.

4. At all times material hereto, Nutrion was and still is a company with a registered address in the state of Texas.

## THE FACTS

5. On or about March 1, 2022, Thorco and Nutrion entered into a voyage charter for the carriage of approximately 4,000 metric tons of primarily calcium salt and palmitic acids (the

"Cargo") from Jarkarta, Indonesia to Stockton, California. (the "Voyage Charter"). *A copy of the Voyage Charter is attached as Exhibit A.*

6. The Voyage Charter specifies the terms for the shipment, including the agreed calculation of demurrage[1] and detention[2] charges should Nutrion fail to load or discharge the Cargo within the agreed time period. Id. Specifically, the Voyage Charter states the demurrage and detention charges are as follows:

> - Load/ Disch Terms:
> -  At Jakarta: 1000 satshex with 48 hrs free of charge after NOR is tendered; thereafter time to count
> -  At Stockton: Liner Out Hook
> - Freight: Usd 210 pmt free in lsd / Liner Out Hook
> - Demurrages: Usd 29.000 pdpr fd at load
> - Detention: Usd 29.000 pdpr

See Ex. A at p. 2.

7. Clause 24 of the Voyage Charter provides "Arbitration, if any, to be settled in London, according to English Law."

8. The Cargo was loaded aboard the M/V ANSHUN ("Vessel") at Jakarta, Indonesia on or about April 1-3, 2022.

9. Upon arrival at the discharge port in Stockton, California, in June 2022, part of the Cargo was found to be allegedly damaged.

10. Notwithstanding multiple requests by Nutrion, Thorco failed to discharge the Cargo at Stockton, California, as required by the Voyage Charter.

11. As a result of Thorco's failure to discharge the Cargo, Nutrion was forced to abandon it.

12. The failure by Thorco to discharge the Cargo in Stockton, California, is a breach of the Voyage Charter.

13. Nutrion has suffered damage in the amount of **$7,026,899.17** as a result of Thorco's breach.

---

[1] Demurrage constitutes the compensation to which an owner is entitled, if the charterer fails to discharge the ship within laytime allowed.

[2] Detention charges are unliquidated damages claimed for breach of contract.

**DEFENDANT NUTRION FEEDS NORTH AMERICA, INC.'S ANSWER TO VERIFIED COMPLAINT**

14. Nutrion's estimated damages include:

| Description | Amount |
|---|---|
| Cost of Damaged Product | $5,087,405.00 |
| Port for DP | $31,107.29 |
| Customs / Duties of DP | $8,284.11 |
| Drayage of DP | $14,013.08 |
| Stevedores for DP | $20,828.57 |
| Stevedores - Extra | $12,612.24 |
| Warehouse for DP | $26,218.66 |
| Warehouse Extra | $67,584.00 |
| Disposal of DP | $120,000.00 |
| Travel and expenses | $50,000.00 |
| Surveyors/Experts | $100,000.00 |
| Legal | $600,000.00 |
| Arbitration | $150,000.00 |
| **Claim Amount** | **$6,288,052.95** |
| Interest @11,75% | $738,846.22 |
| **Total** | **$7,026,899.17** |

*A copy of the supporting claim documents are attached as Exhibit B.*

## **COUNT I – BREACH OF CONTRACT**

15. Nutrion incorporates the allegations contained in Paragraphs 1-14 above as if fully set forth herein.

16. At all relevant times, Thorco and Nutrion were parties to the Voyage Charter.

17. At all relevant times, Nutrion tendered the Cargo to Thorco in good order and condition.

18. At all relevant times, Thorco was responsible for the safe transport of the Cargo from the port of loading in Jarkarta, Indonesia to the port of discharge in Stockton, California.

19. While in Thorco's possession, custody and control, the Cargo sustained damage.

20. Thorco was required to discharge the Cargo at Stockton, California, but failed to do so.

21. As a result of Thorco's failure to discharge the Cargo, Nutrion was forced to abandon it.

22. The failure by Thorco to discharge the Cargo in Stockton, California, is a breach of the Voyage Charter.

23. As a direct and proximate result of Thorco's breach, Nutrion suffered damages in the amount of at least **$7,026,899.17**, with the precise amount to be determined in the London arbitration.

## RULE E COUNTERSECURITY

24. Supplemental Rule E(7) for Admiralty and Maritime Claims provides in relevant part "[w]hen a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court for cause shown, directs otherwise."

25. Nutrion has fully complied with the requirements of Rule E(7). In particular, Plaintiff has attached Defendant's property being stored at Trans-Hold, Inc. located at 313 Luce Ave, Stockton, CA 95203, as security for the claims alleged in the Verified Complaint. Moreover, Nutrion's counterclaim against Thorco arises from the same transaction that is the subject of the original action.

26. Accordingly, Nutrion respectfully requests that the Court order Thorco to post countersecurity in an amount of no less than **USD $7,026,899.17** pursuant to Supplemental Rule E(7), to be posted within ten (10) days of the issuance of the Order approving counter security.

## RESERVATION OF RIGHTS

Nutrion reserves the right to amend the Answer and advance any and all additional potential counterclaims against Thorco.

## PRAYER

WHEREFORE, Nutrion Feeds North America, Inc. prays:

    A.    That the Verified Complaint be dismissed together with costs and expenses incurred in defense of this action; and

B.  That the Court adjudge that Nutrion Feeds North America, Inc. has no liability for any of the matters alleged in the Verified Complaint; and

C.  That Nutrion Feeds North America, Inc. be awarded all costs, including attorneys' fees; or

D.  In the alternative, if the Verified Complaint is not dismissed, that this Honorable Court grant the Counterclaim and enter an order directing Thorco Project A/S to post countersecurity in an amount of no less than **USD $7,026,899.17**; and

E.  That Nutrion Feeds North America, Inc. be awarded such other, further and different relief that the Court may deem just, proper, and equitable.

DATED:  August 16, 2022            BLANK ROME LLP


By: */s/ Allen Ho*
    Allen Ho
    William R. Bennett III*
    Lauren B. Wilgus*
Attorneys for Defendant
NUTRION FEEDS NORTH AMERICA, INC.
* - *pro hac vice application to be submitted*