# EXHIBIT A

Case 2:22-cv-01331-TLN-JDP   Document 41-1   Filed 02/24/23   Page 1 of 6

# EXHIBIT A

## STIPULATION FOR SALE OF THE CARGO

This Stipulation for the sale of the cargo being stored at Central Valley Ag Group LLC (CV-AG), Stockton, CA (the "Agreement") is made by and between Thorco Projects A/S ("Thorco") and Nutrion Feeds North America, Inc. ("Nutrion"), effective as of the day and date specified below.

### WITNESSETH:

WHEREAS, on or about March 1, 2022, Thorco and Nutrion entered into a voyage charter for the carriage of approximately 4,000 metric tons of primarily calcium salt and palmitic acids (the "Cargo") from Jakarta, Indonesia to Stockton, California (the "Voyage Charter");

WHEREAS, the Cargo was loaded aboard the M/V ANSHUN ("Vessel") at Jakarta, Indonesia on or about April 1-3, 2022. Upon arrival at the discharge port in Stockton, California, in June 2022, part of the Cargo was discharged. And, part of the Cargo was found to be damaged. Delays ensued;

WHEREAS, on July 27, 2022, Thorco filed a Verified Complaint in the Eastern District of California pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. ("Rule B") seeking security for its claims in London arbitration, hereinafter referred to as "the Disputed Claim" (the "Action");

WHEREAS, on July 28, 2022, the Eastern District of California issued an Order on Security in the amount of USD $5,110,000 directing the Clerk to issue Process of Maritime Attachment and Garnishment ("PMAG") against Nutrion's property in the Court's District;

WHEREAS, on July 29, 2022, Thorco's process server served a copy of the Order on Security, PMAG and supporting papers on the Cargo as it was being stored at Trans-Hold, Inc. at 313 Luce Ave, Stockton, CA 95203 and now at CV-AG;

WHEREAS, on September 9, 2022, the Eastern District of California issued a revised Order on Security setting the security at USD $5,000,000 (the "Security Amount") and ordered Nutrion to deposit the Security Amount to secure release of the attached Cargo;

WHEREAS, Thorco and Nutrion dispute whether USD $5,000,000 is due and owing to Thorco for the Disputed Claim:

WHERAS, Nutrion has demanded countersecurity from Thorco in the Action and nothing contained herein shall prejudice Nutrion's right to seek countersecurity;

THEREFORE, in consideration of the premises, and the mutual covenants, terms and conditions set forth below, the sufficiency of which is hereby agreed upon, the parties hereto agree as follows:

1. <u>Sale of the Cargo</u>. Due to the perishable nature of the Cargo, quality control concerns, and market conditions, Thorco and Nutrion agree to allow Nutrion to sell the Cargo being stored at CV-AG to third-parties.



2. Joint Inspection. Thorco and Nutrion agree to allow a surveyor appointed by each of the parties (and/or the Substitute Custodian, National Maritime Services) to jointly inspect the Cargo being stored at CV-AG prior to sale or movement at a time mutually agreed by the parties.

3. Access. Thorco agrees to allow Nutrion full access to the Cargo on an "as-needed" basis to confirm the quality and quantity available for sale to third-parties ("Third-party sales").

4. Confidentiality. Thorco and Nutrion agree that the sale of the Cargo, the names of the third-party buyers, the purchase price, and any and all details of the sale will be strictly confidential.

5. Judicial Review: Thorco and Nutrion will jointly request the District Court Judge to appoint a Magistrate Judge to review all Third-party sales. In this respect, Nutrion agrees to provide all purchase and sale documents to the Magistrate Judge to ensure the Third-party sales are arms-length transactions and the Cargo is sold at market value ("Sales Proceeds").

6. Storage costs. Thorco and Nutrion agree Thorco will pay all costs incurred for storing and maintaining and the Cargo at Trans-Hold, Inc. and CV-AG from the date of service of the Order on Security, PMAG and supporting papers on July 29, 2022, and the costs to transport the Cargo from Trans-Hold's facility to CV-AG, until the date the Cargo is sold in full (the "Storage and Transportation Costs.") The parties agree Thorco reserves its right to recover the Storage and Transportation Costs ~~against Nutrion in the London Arbitration~~.

7. Deposit of Sales Proceeds. Thorco and Nutrion agree to deposit the Sales Proceeds directly into a non-interest-bearing escrow account located in London, England ("Escrow Account") as security for the Disputed Claim (the "Escrow Agreement"). Thorco shall immediately establish the Escrow Account and provide wire instructions to Nutrion. It shall be a condition of the sale agreements that cargo shall only be released from the Order and Writ of Attachment upon confirmation that the Sales Proceeds have been received into the Escrow Account.

8. No Further Attachments. Thorco agrees upon the deposit of the Sales Proceeds into the Escrow Account, as set forth in the Escrow Agreement, Thorco has no further right to attach, garnish, or otherwise assert a lien on the Cargo and/or the sales proceeds and/or insurance payments in respect of the Cargo.



9. Voluntary Dismissal. Thorco and Nutrion agree that upon the sale of all of the Cargo, Thorco shall dismiss the Action against Nutrion with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

10. Entire Understanding; Amendments. This Agreement sets forth the entire understanding among the parties thereto with respect to the subject matter thereof, and supersedes all prior and contemporaneous oral and written, express or implied, communications, agreements and understandings with respect to the subject matter thereof. No amendment, modification or supplement to this Agreement shall bind or be enforceable against any party thereto unless set forth in a written document signed by all of the parties thereto.

11. <u>Binding Agreement</u>. This Agreement and all of the terms and provisions therein shall be binding upon, inure to the benefit of, and be enforceable by and against all of the parties thereto and their respective successors and assigns.

12. <u>No Third Party Beneficiaries.</u> This Agreement is not intended to, and will not, grant or create any rights in favor of any person or entity other than the parties hereto.

13. <u>Assignment</u>. No rights or obligations under this Agreement may be assigned by any party without the prior written consent of all other parties hereto.

14. <u>Waiver, Modification, Amendment, Termination or Rescission</u>. Neither party shall be bound by any notice of, or demand with respect to, any waiver, modification, amendment, termination, or rescission of the provisions of this Agreement unless such notice or demand is received by the party in writing.

15. <u>Notices</u>. Any notice to any party hereunder shall be sufficient only if given in writing and delivered by hand, sent by registered or certified mail (return receipt requested), or sent by a reliable national overnight courier company with a signed receipt on delivery, to such party's address as shown below, or to such other address as such party shall have given the other parties hereto notice in accordance with this Section 15:

If to Thorco:
    Chalos & Co., P.C. –
    International Law Firm
    7210 Tickner Street,
    Houston, TX 77055
    Attn.: Briton P. Sparkman

If to Nutrion:
    Blank Rome LLP
    1271 Avenue of the Americas
    New York, NY 10020
    Attn.: William R. Bennett, III




16. <u>Execution; Headings</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Any headings in this Agreement are included for convenience of reference only and shall not constitute a part of this Agreement for any other purpose.

17. <u>Jurisdiction and Process</u>. Each of the parties hereto hereby (a) irrevocably and unconditionally submits, for itself and its property, to the exclusive jurisdiction of the New York State Courts, and the Federal court of the United States of America, sitting in New York, New York, and any appellate court from any thereof in any and all actions between or among any of the parties arising hereunder, and (b) irrevocably consents to service of process by first class certified mail, return receipt requested, postage prepaid, to the address at which such party is to receive notice in accordance with the notice provision hereof.

18. <u>Governing Law</u>. This Agreement shall be governed by the laws of the State of New York applicable to contracts executed and to be performed therein, without regard to principles of conflicts of laws.

IN WITNESS WHEREOF the parties hereto have executed this Agreement on the 26th day of December 2022.

WITNESS                                                                                           THORCO PROJECTS A/S

_[signature]_                                                                       By: _[signature]_

Name: Lauren L. Jones                                                        Name: Brita R Sparkman
                                                                                                        Title: Attorney-In-Fact for Thorco Projects A/S

WITNESS:                                                                                        NUTRION FEEDS NORTH AMERICA, INC.

_____                                                 By: _[signature]_

Name:                                                                                            Name: Alejandro Burgalota
                                                                                                        Title: President

4